IGNATZ DAVIS, RESPONDENT, v. LOUIS SCHER, APPELLANT.

Argued June 6, 1905—Decided November 13, 1905.

A statement of the number of rooms in a building in Newark contained in a written contract for sale of real estate is so material that its falsity will justify the vendee in rescinding the contract, although the vendor may be able to make the building answer the description before the day for performance.

On appeal from Second District Court of Newark.

Before Justices DIXON and SWAYZE.

For the appellee, *Michael J. Tansey.*

For the appellant, *Philip J. Schotland.*

The opinion of the court was delivered by

SWAYZE, J. This is an action by a vendee of real estate against the vendor to recover $100, paid on account of the purchase price upon the execution of the agreement for sale. By the agreement, dated July 18th, 1904, the defendant agreed to convey to the plaintiff, on or before the ensuing 1st of September, premises described as 317 Springfield avenue, in the city of Newark, consisting of a three-story frame building with a store and two rooms on the first floor, six rooms on the second and four rooms on the third floor. The plaintiff was unable to examine the interior of the building until about August 10th, and then discovered that there were but five rooms on the second floor and three rooms on the third floor. He then rescinded the contract and sought to recover his deposit. The only question is whether the misrepresentation was so material as to justify a rescission of the contract. The trial judge found in favor of the plaintiff. We think he was right. The mere fact that the parties in-

serted in the contract this particular statement of the number of rooms on each floor indicates that they thought it was material at the time, and clearly the number of rooms on each floor of a building of that character in a city like Newark may materially affect the income to be derived from the property. The right of the plaintiff to rescind does not depend on a fraudulent misrepresentation. It arises from the fact that he is not getting what he bargained for. The principle is the same that was stated by Justice Depue in *Wolcott* v. *Mount, 7 Vroom* 262, 264.

It is argued in the present case that on September 1st, the day for performance of the contract, the number of rooms might have been as stated in the contract. In the absence of proof, the conditions existing on August 10th would be presumed to continue, but aside from that consideration, the plaintiff had the right to rescind at once upon discovering that the building differed materially from the description.

The judgment should be affirmed, with costs.